**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

**ZAP CELLULAR INC. d/b/a AMP CELLULAR,**

|  |  |
|---|---|
| Plaintiff, | Civil Action No.<br>1:15-cv-06723 (PKC) (VMS) |

-against-

**ARI WEINTRAUB, MORTON WEINTRAUB,**
**ESTI DRESDNER, STEVE WEINSTOCK and**
**MAZAL TECH MEDIA INC.,**

|  |  |
|---|---|
|  | **SECOND AMENDED ANSWER**<br>**AMENDED COUNTERCLAIM**<br>**AND THIRD PARTY**<br>**COMPLAINT** |

Defendants.

-------------------------------------------------------------------x

**ARI WEINTRAUB** both individually and derivatively
on behalf of **ZAP CELLULAR, INC., A and Y**
**SALES and MARKETING, INC., MAZAL TECH**
**MEDIA, INC.,**

Third Party Plaintiffs,

-against-

**JACOB YARMISH, ZAP CELLULAR, INC.,**
**A and Y SALES and MARKETING, INC.,**
**MAZAL TECH MEDIA, INC., EZ ROAMER LLC,**
**EMANUEL YARMISH, CHANA YARMISH,**
**MICHAEL YARMISH, TOPLINE CONTRACTING,**
**INC., JOHN DOES 1-100 and ABC COMPANIES 1-100**
(said names being fictitious and presently unknown to
Third Party Plaintiffs)**.**

Third Party Defendants.

-------------------------------------------------------------------x

Defendants, by their attorneys, Schwartz Burton LLP, for their Second Amended Answer hereby state:

1.      Admitted.

2.      Defendant Ari Weintraub is a resident of Israel and does not reside within the Eastern District of New York or the United States.  He enters his appearance here specially but does consent to the personal jurisdiction of the Court.

3.      Morton Weintraub is neither an officer nor a director of Mazal Tech Media Inc.

4.      Esti Dresdner is neither an officer nor a director of Mazal Tech Media Inc.

5.      Steve Weinstock is neither an officer nor a director of Mazal Tech Media Inc.

6.      Admitted.

7.      Requires no answer.

8.      Requires no answer.

9.      Admitted.

10.     Admitted.

11.     Denied.

12.     Admitted.

13.     Denied.

14.     Denied. No authorization was necessary.

15.     Denied.

16.     Admitted.

17.     Admitted.

18.     Admitted.

- 2 -

19.     Ari Weintraub currently is a 20% shareholder of Plaintiff.

20.     Admitted.

21.     Denied.  The billing data that is the subject of this civil action was at all times stored on computers solely in Israel.

22.     Denied.

23.     Requires no answer.

24.     Requires no answer.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.  There was no unauthorized billing.

34.     Denied.

35.     Denied.

36.     Denied.  There was no unauthorized billing.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.  There was no unauthorized billing.

46.     Denied.

47.     Deny knowledge or information sufficient to admit or deny.

48.     Deny knowledge or information sufficient to admit or deny.

49.     Defendants repeat and reiterate their responses above as if set forth fully herein.

50.     Requires no answer.

51.     Requires no answer.

52.     Requires no answer.

53.     Denied.

54.     Denied.

55.     Denied.   The subject servers were located in Israel, not in the United States.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Defendants repeat and reiterate their responses above as if set forth fully herein.

60.     Requires no answer.

61.     Requires no answer.

62.     Requires no answer.

63.     Denied.

64.     Denied.

65.     Denied.  The subject servers were located in Israel, not in the United States.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Defendants repeat and reiterate their responses above as if set forth fully herein.

72.     Requires no answer.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Defendants repeats and reiterates their responses above as if set forth fully herein.

77.     Requires no answer.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Defendants repeat and reiterate their responses above as if set forth fully herein.

83.     Requires no answer.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Defendants repeat and reiterate their responses above as if set forth fully herein.

89.     Requires no answer.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Defendants repeat and reiterate their responses above as if set forth fully herein.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Defendants repeat and reiterate their responses above as if set forth fully herein.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Defendants repeat and reiterate their responses above as if set forth fully herein.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

## AFFIRMATIVE DEFENSES

1.    The complaint fails to state a claim upon which relief can be granted and Defendants reserve the right to move to dismiss the complaint at or before the time of trial.

2.    Plaintiff's claims are barred by lack of subject matter jurisdiction.

3.    The Court does not have personal jurisdiction over the Defendants.

4.    This action should be dismissed under the doctrine of *forum non conveniens*.

5.    Plaintiff's claims are barred by accord and satisfaction.

6.    Plaintiff's claims are barred by its waiver.

7.    Plaintiff's claims are barred failure of consideration.

8.    Plaintiff failed to join indispensable, necessary and proper parties.

9.    The claims of the complaint are barred by the doctrine of unclean hands.

10.    Plaintiff's claims are barred by its fraud and the illegality of its conduct.

11.    Allegations of fraud in the complaint are not pled with specificity, as required by law.

12.     The complaint should be dismissed pursuant to Rule 19(b) of the Federal Rules of Civil Procedure.

13.     Plaintiff's claims are subject to the doctrine of setoff and recoupment.

## AMENDED COUNTERCLAIM AND THIRD PARTY COMPLAINT

Counterclaim and Third Party Plaintiff, Ari Weintraub, both individually and derivatively on behalf of Zap Cellular, Inc., A and Y Sales and Marketing, Inc., and Mazal Tech Media, Inc. (collectively, the "Companies") by his attorneys, Schwartz Burton LLP, complaining of the Counterclaim and Third Party Defendants, alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over the claims stated herein pursuant to 28 U.S.C. § 1367(a) in that they are so related to the claims in Plaintiff's Complaint, over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331, that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)(2) and (3).  A substantial part of the events and/or omissions giving rise to the claims stated herein occurred in this District and a substantial part of the assets that are the subject of this action are situated in this District.  Additionally, the Defendants are subject to the personal jurisdiction of this Court.

## PARTIES

3.     Counterclaim and Third Party Plaintiff Ari Weintraub (hereinafter "Weintraub") is an individual residing in Israel and does not reside within the Eastern District of New York or the United

States.  He appears specially for the purpose of asserting the claims stated herein.  At all times relevant herein, Weintraub has been an officer, director, employee and twenty percent (20%) shareholder, of the Companies.

4.    Upon information and belief, at all times relevant herein, Third Party Defendant Jacob Yarmish ("Yarmish") was an individual residing in Brooklyn, New York and Jerusalem, Israel.

5.    Upon information and belief, at all times relevant herein, Counterclaim and Third Party Defendant Zap Cellular, Inc.  ("Zap") was at all times a New York corporation that conducts business from an office at 246 Seigel Street, Brooklyn, New York 11206.

6.    Upon information and belief, at all times relevant herein, Third Party Defendant A and Y Sales and Marketing, Inc. ("A&Y") was at all times a Florida corporation with its principal place of business at 1137 East 24th Street, Brooklyn New York, 11210.

7.    Upon information and belief, at all times relevant herein, Third Party Defendant Mazal Tech Media, Inc. ("Mazal Tech") was at all times a New York corporation company that conducts business from an office at 627 Avenue M, Brooklyn, New York 11230.

8.    Upon information and belief, at all times relevant herein, Third Party Defendant EZ Roamer LLC ("EZ Roamer") was at all times a Delaware limited liability company that conducts business from an office at 246 Seigel Street, Brooklyn, New York 11206.

9.    Upon information and belief, at all times relevant herein, Third Party Defendant Topline Contracting, Inc. ("Topline") was at all times a New York corporation with its principal place of business at 246 Seigel Street, Brooklyn, New York 11206.

10.    Upon information and belief, at all times relevant herein, Third Party Defendant Emanuel Yarmish was an individual residing at 1137 East 24th Street, Brooklyn New York, 11210.

11.     Upon information and belief, at all times relevant herein, Third Party Defendant Chana Yarmish was an individual residing at 1137 East 24th Street, Brooklyn New York, 11210.

12.     Upon information and belief, at all times relevant herein, Third Party Defendant Michael Yarmish was an individual residing in Brooklyn, New York.

13.     Upon information and belief, at all times relevant herein, Third Party Defendants John Does 1-100 were individuals residing and/or conducting business in the State of New York whose true names and identities are unknown to Counterclaim and Third Party plaintiffs at this time.

14.     Upon information and belief, at all times relevant herein, Third Party Defendants ABC Companies 1-100 were entities that have been conducting business in the State of New York whose true names and identities are unknown to Counterclaim and Third Party plaintiffs at this time.

## FACTS

15.     Zap Cellular, Inc. was incorporated in New York on or about May 19, 2010 by Jacob Yarmish.

16.     Zap Cellular, Inc. has been providing international cellular products and services to consumers under the trade name Amp Cellular.

17.     Zap has also been in the business of providing credit card processing services to businesses through the use of merchant accounts.

18.     At the time of Zap's formation, Yarmish, its principal shareholder, hired Ari Weintraub as the Chief Executive Officer of Zap due to his extensive experience in the telecommunications industry and their prior working relationship within this industry.

19.     As part of the inducement for Weintraub to take the position, Yarmish granted Weintraub twenty percent (20%) of the shares in Zap.

20.      Accordingly, Weintraub spent the next several years devoting his life managing the day-to-day operations of Zap.

21.      During this time, Zap's credit card processing business skyrocketed as a result of Weintraub's efforts to the point that it became increasingly difficult for Zap to handle the large volume of transactions flowing through its merchant accounts.

22.      As a result, Yarmish and Weintraub created A and Y Sales and Marketing, Inc., and Mazal Tech Media, Inc. in order to open additional merchant accounts to accommodate the increased volume of transactions.

23.      At all times herein, Zap, A&Y, and Mazal Tech (the "Companies") have had common shareholders, directors, officers and personnel, have commingled funds, and have operated one and the same credit card processing business.  Accordingly, these entities are—for all intents and purposes—one organization.

24.      Weintraub was at all times a twenty percent (20%) shareholder in the Companies.

25.      Throughout the term of his employment, Weintraub's extensive efforts generated millions of dollars in income to the Companies.

26.      Despite the foregoing, Weintraub has never received any shareholder distributions based on his twenty percent (20%) equity interest in the Companies.

27.      Instead, throughout all this time, Yarmish was secretly misappropriating, looting and diverting the Companies' assets for personal and/or non-corporate purposes.

28.      Specifically, with the assistance of family members, personal friends and business associates, Yarmish made unlawful transfers of millions of dollars from the Companies' bank

and/or merchant accounts into the bank accounts of many individuals and/or entities not related to the business and/or corporate activities of the Companies.

29.     Upon information and belief, Yarmish made unlawful transfers of these monies into the personal bank accounts of Emanuel Yarmish, Chana Yarmish, and Michael Yarmish, his father, mother, and brother respectively, with their full knowledge that these transfers were not for corporate purposes and were unlawful.

30.     Upon information and belief, Yarmish also made unlawful transfers of monies to several unrelated entities under his control including, but not limited to, EZ Roamer LLC and Topline Contracting, Inc.

31.     Upon information and belief, Yarmish also made unlawful transfers of monies to John Does 1-100, other individuals whose identities are presently unknown with their full knowledge that these transfers were not for corporate purposes and were unlawful.

32.     Upon information and belief, Yarmish also made unlawful transfers of monies to ABC Companies 1-100 with their full knowledge that these transfers were not for corporate purposes and were unlawful.

33.     In response to Weintraub's repeated demands for his rightful twenty percent (20%) share of distributions, Yarmish repeatedly and knowingly misrepresented that the Companies' businesses were not making a profit and that the Companies were, in fact, operating at a loss.

34.     Despite the fact that Weintraub was the CEO of the Companies, throughout the term of Weintraub's employment, Yarmish had full and strict control over the finances of the Companies.  Weintraub had no access to the Companies' bank and/or merchant accounts and was not allowed to write checks on behalf of the Companies.

35.     In addition, at all times herein, in violation of the New York Business Corporation Law (the "BCL"), the Companies did not hold shareholder and/or director meetings, did not observe corporate formalities, and did not keep corporate records.  Accordingly, in violation of his rights as a shareholder, Weintraub was at all times cut off from and denied any participation in the Companies' corporate affairs.

36.     In addition, despite Weintraub's repeated requests, Yarmish refused to provide Weintraub with a full and complete accounting of the Companies' finances.

37.     Instead, in response to the aforesaid requests, Yarmish terminated Weintraub from his position of CEO of the Companies on or about October 10, 2013.

38.     Upon information and belief, following Weintraub's termination, the Companies continued to operate its businesses, as well as other ventures, generating substantial profits.

39.     Upon information and belief, during this time, Yarmish fraudulently and unlawfully operated the Companies' businesses under the name EZ Roamer in order to deprive Weintraub of his rights as a shareholder.

40.     In addition, Yarmish unlawfully diverted the Companies' assets including, but not limited to, Amp Cellular customer payments and other corporate monies to EZ Roamer.

41.     In addition, while continuing to operate the Companies' credit card processing business, Yarmish opened new merchant accounts in the name of EZ Roamer and unlawfully diverted the profits generated to EZ Roamer bank accounts.

42.     On December 14, 2014, in a continuing attempt to unlawfully divert and secrete the Companies' assets, Yarmish conveyed by deed valuable real property, consisting of a two-family home at 1137 East 24th Street, Lot 30, Block 7624, Brooklyn, New York, to his mother, Chana

Yarmish, for no consideration whatsoever.  The deed was recorded in the office of the New York

City Register for Kings County on February 6, 2015 under Document ID 2014120900528001.

43.     Upon information and belief, these premises are inhabited by Jacob Yarmish,

Chana Yarmish and Emanuel Yarmish.

<u>**COUNT ONE**</u>
**Derivative Claim for Conversion Against Jacob Yarmish, Emanuel Yarmish, Chana Yarmish, Michael Yarmish, John Does 1-100, EZ Roamer LLC, Topline Contracting, Inc., and ABC Companies 1-100**

44.     Weintraub repeats and reasserts each of the allegations contained above as if fully set

forth herein.

45.     The Companies had an immediate superior right of possession and rightful claim

to title of the millions of dollars Yarmish misappropriated, looted, and diverted from the

Companies' bank and/or merchant accounts for personal and/or non-corporate purposes.

46.     Yarmish exercised unauthorized dominion over the subject funds by unlawfully

transferring these funds for personal and/or non-corporate purposes and refusing to return them.

47.     Third Party Defendants Emanuel Yarmish, Chana Yarmish, Michael Yarmish, John

Does 1-100, EZ Roamer LLC, Topline Contracting, Inc. and ABC Companies 1-100 exercised

unauthorized dominion over the subject funds by accepting these funds with the full knowledge

that they were unlawfully transferred for personal and/or non-corporate purposes and refused to

return them.

48.     Third Party Defendants had no legal or equitable right to the Companies' funds.

49.     As a direct and proximate result of these conversions, the Companies sustained

substantial damages.

50.     It would be futile for Weintraub to demand that the Companies pursue claims for conversion against Yarmish, his family members, personal friends and/or business associates. Yarmish is the principal shareholder of the Companies, he dominates and controls the Companies, and is not disinterested.   Accordingly, Yarmish is incapable and unwilling to take the actions required to seek the relief requested in this Third Party Complaint.   Therefore, Weintraub asserts these claims against Third Party Defendants on behalf of the Companies.

51.     Weintraub will adequately and fairly represent the interest of the Companies in enforcing and prosecuting their rights.

## <u>COUNT TWO</u>
### Derivative Claim for Unjust Enrichment Against Jacob Yarmish, Emanuel Yarmish, Chana Yarmish, Michael Yarmish, John Does 1-100, EZ Roamer LLC, Topline Contracting, Inc., and ABC Companies 1-100

52.     Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

53.     As a result of Third Party Defendants' unauthorized dominion over the unlawfully transferred funds as set forth in detail above, they were unjustly enriched to the detriment of the Companies.

54.     Third Party Defendants have unlawfully retained the subject funds and have refused to return them.

55.     Third Party Defendants had no legal or equitable right to the Companies' funds.

56.     It is inequitable and against good conscience to allow Third Party Defendants to retain any benefit from the Companies' funds.

- 15 -

57.     It would be futile for Weintraub to demand that the Companies pursue claims for unjust enrichment against Yarmish, his family members, personal friends and/or business associates.  Yarmish is the principal shareholder of the Companies, he dominates and controls the Companies, and is not disinterested.  Accordingly, Yarmish is incapable and unwilling to take the actions required to seek the relief requested in this Third Party Complaint.  Therefore, Weintraub asserts these claims against Third Party Defendants on behalf of the Companies.

58.     Weintraub will adequately and fairly represent the interest of the Companies in enforcing and prosecuting their rights.

### <u>COUNT THREE</u>
**Derivative Claim for Money Had and Received Against Jacob Yarmish, Emanuel Yarmish, Chana Yarmish, Michael Yarmish, John Does 1-100, EZ Roamer LLC, Topline Contracting, Inc., and ABC Companies 1-100**

59.     Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

60.     Third Party Defendants received unlawful transfers of millions dollars belonging to the Companies as set forth in detail above.

61.     Third Party Defendants have unlawfully retained the subject funds and have refused to return them to their benefit and to the detriment of the Companies.

62.     Third Party Defendants had no legal or equitable right to the Companies' funds.

63.     It is inequitable and against good conscience to allow Third Party Defendants to retain the Companies' funds.

64.     It would be futile for Weintraub to demand that the Companies pursue claims for money had and received against Yarmish, his family members, personal friends and/or business

associates.  Yarmish is the principal shareholder of the Companies, he dominates and controls the Companies, and is not disinterested.  Accordingly, Yarmish is incapable and unwilling to take the actions required to seek the relief requested in this Third Party Complaint.  Therefore, Weintraub asserts these claims against Third Party Defendants on behalf of the Companies.

65.   Weintraub will adequately and fairly represent the interest of the Companies in enforcing and prosecuting their rights.

## COUNT FOUR
**Derivative Claim for Breach of Fiduciary Duty Against Jacob Yarmish**

66.   Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

67.   Yarmish was at all relevant times an officer, director and shareholder of the Companies.  As such, Yarmish owed the Companies a fiduciary duty of loyalty and a good faith obligation to discharge his duties concerning the Companies' businesses and management with due care, skill, prudence and diligence.

68.   Notwithstanding his fiduciary obligations to the Companies, Yarmish placed his own personal interests ahead of the Companies and violated his fiduciary duties by repeatedly misappropriating, looting and diverting millions of dollars belonging to the Companies for personal and/or non-corporate purposes and by unlawfully interfering with the Companies' affairs by operating the Companies' businesses under the name EZ Roamer as well other entities unknown at this point.

69.     By acting with bad faith and intentionally committing the unlawful acts set forth above, Yarmish breached his fiduciary duty of loyalty to the Companies and his duty to act with the care, skill, prudence and diligence necessary on behalf of the Companies.

70.     As a result of Yarmish's bad faith and intentional misconduct and to the detriment of the Companies, Yarmish personally gained a financial windfall to which he was not legally entitled to.

71.     As a direct and proximate result of Yarmish's breaches of his fiduciary duties, the Companies sustained substantial damages.

72.     It would be futile for Weintraub to demand that the Companies pursue claims for breaches of fiduciary duties against Yarmish because Yarmish is the principal shareholder of the Companies, he dominates and controls the Companies, and is not disinterested.   Yarmish is incapable and unwilling to take the actions required to seek the relief requested in this Third Party Complaint.    Therefore, Weintraub asserts these claims against Yarmish on behalf of the Companies.

73.     Weintraub will adequately and fairly represent the interest of the Companies in enforcing and prosecuting their rights.

### COUNT FIVE
**Direct Claim for Shareholder Distributions Against Zap Cellular, Inc., A and Y Sales and Marketing, Inc., and Mazal Tech Media Inc.**

74.     Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

75.     As a twenty percent (20%) shareholder in the Companies, Weintraub is entitled to twenty percent (20%) of all of the Companies' shareholder distributions.

76.     Despite Weintraub's repeated requests for the foregoing distributions, these distributions have at all times been withheld from Weintraub depriving Weintraub that which is lawfully due and owing him.

## COUNT SIX
**Direct Claim for Minority Shareholder Oppression Against Jacob Yarmish, Zap Cellular, Inc., A and Y Sales and Marketing, Inc., and Mazal Tech Media Inc.**

77.     Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

78.     At all relevant times, Weintraub was a twenty percent (20%) minority shareholder of the Companies.

79.     Notwithstanding Weintraub's status as a shareholder, Yarmish exploited and abused his authority as an officer, director and principal shareholder of the Companies and engaged in a systematic pattern of oppressive and unfair behavior towards Weintraub.

80.     Such oppressive and unfair conduct include, among others, Yarmish's: (1) wrongful exclusion of Weintraub's participation in the Companies' corporate affairs; (2) repeated misappropriating, looting and diverting of millions of dollars belonging to the Companies for personal and/or non-corporate purposes; and (3) unlawful and continued withholding of Weintraub's twenty percent (20%) shareholder distributions.

81.     At the time that Weintraub joined the Companies as a shareholder, Yarmish knew that Weintraub reasonably expected to be treated rightfully and fairly as a minority shareholder and that these expectations were central to Weintraub's decision to join the Companies.

82. Yarmish's oppressive and unfair conduct set forth in detail above have substantially and egregiously defeated Weintraub's reasonable expectations that, objectively viewed, were both reasonable under the circumstances and central to Weintraub's decision to join the Companies.

83. As a direct result of Yarmish's unlawful and oppressive conduct, Weintraub sustained substantial damages.

<u>**COUNT SEVEN**</u>
**Direct Claim for Common Law Dissolution Against Zap Cellular, Inc., A and Y Sales and Marketing, Inc., and Mazal Tech Media Inc.**

84. Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

85. As set forth above, Yarmish abused and exploited his status as majority shareholder of the Companies and engaged in a systematic pattern of oppressive and unfair behavior towards Weintraub.

86. Such oppressive and unfair conduct include, among others, Yarmish's: (1) wrongful exclusion of Weintraub's participation in the Companies' corporate affairs; (2) repeated misappropriating, looting and diverting of millions of dollars belonging to the Companies for personal and/or non-corporate purposes; and (3) unlawful and continued withholding of Weintraub's twenty percent (20%) shareholder distributions.

87. By such oppressive and unfair conduct, Yarmish palpably breached his fiduciary duty to Weintraub and substantially and egregiously defeated Weintraub's reasonable expectations that, objectively viewed, were both reasonable under the circumstances and central to Weintraub's decision to join the Companies.

88.     Such conduct constitutes unlawful and oppressive conduct toward Weintraub which mandates the dissolution of the Companies.

**COUNT EIGHT**
**Direct Claim for Dissolution Pursuant to BCL § 1104-a Against Zap Cellular, Inc., A and Y Sales and Marketing, Inc., and Mazal Tech Media Inc.**

89.     Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

90.     As set forth above, Yarmish abused and exploited his status as majority shareholder of the Companies and engaged in a systematic pattern of oppressive and unfair behavior towards Weintraub.

91.     Such oppressive and unfair conduct include, among others, Yarmish's: (1) wrongful exclusion of Weintraub's participation in the Companies' corporate affairs; (2) repeated misappropriating, looting and diverting of millions of dollars belonging to the Companies for personal and/or non-corporate purposes; and (3) unlawful and continued withholding of Weintraub's twenty percent (20%) shareholder distributions.

92.     By such oppressive and unfair conduct, Yarmish palpably breached his fiduciary duty to Weintraub and substantially and egregiously defeated Weintraub's reasonable expectations that, objectively viewed, were both reasonable under the circumstances and central to Weintraub's decision to join the Companies.

93.     Such conduct constitutes unlawful and oppressive conduct toward Weintraub which mandates the dissolution of the Companies.

**COUNT NINE**
**Direct Claim for Appointment of Receiver Pursuant to BCL § 1113 Against Zap Cellular, Inc., A and Y Sales and Marketing, Inc., and Mazal Tech Media Inc.**

- 21 -

94.     Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

95.     Appointment of a receiver over the business and affairs of the Companies to oversee a liquidation of their assets at this time is the only viable solution to recover corporate assets, maximize shareholder value and avoid further corporate mismanagement and the wasting, looting and diverting of corporate assets.

96.     Weintraub is thus entitled to have a receiver appointed to, among other things, recover unlawfully converted corporate assets, reasonably assess whether or not liquidation and/or dissolution of the Companies is in the best interests of the shareholders, and to oversee such liquidation and/or dissolution of the Companies.

## COUNT TEN
**Direct Claim for Fair Value of Shares Against Zap Cellular, Inc., A and Y Sales and Marketing, Inc., and Mazal Tech Media Inc.**

97.     Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

98.     In the event the Court declines to order dissolution of the Companies, Weintraub is entitled to payment for the equity value of his shares in the Companies after the Companies recover all of the unlawfully converted corporate assets in an amount not presently calculable.

## COUNT ELEVEN
**Direct Claim for Right to Inspect Corporate Books and Records Pursuant to BCL § 624 Against Zap Cellular, Inc., A and Y Sales and Marketing, Inc., and Mazal Tech Media Inc.**

99.     Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

100.    Weintraub has made numerous written requests to examine the Companies' corporate and/or financial books and records as is his right as a shareholder under BCL § 624.

101.    Weintraub's requests to examine the Companies' corporate and/or financial books and records were reasonably related to his interests as a shareholder in the Companies.

102.    Despite these requests, the Companies have unlawfully denied these requests and have refused to provide the requested books and records for Weintraub's inspection.

103.    Weintraub is thus entitled to an order directing the Companies to make the requested books and records available for Weintraub's inspection and to an award for any further relief as the Court may deem just and proper.

## COUNT TWELVE
**Direct Claim for Accounting Against Zap Cellular, Inc., A and Y Sales and Marketing, Inc., and Mazal Tech Media Inc.**

104.    Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

105.    The Companies have refused and failed to account for and pay to Weintraub the shareholder distributions that is due and owing him.

106.    In the event that Weintraub has no adequate remedy at law, Weintraub is entitled to an accounting by reason of the foregoing.

## COUNT THIRTEEN
**Direct Claim for Conversion Against Jacob Yarmish, Emanuel Yarmish, Chana Yarmish, Michael Yarmish, John Does 1-100, EZ Roamer LLC, Topline Contracting, Inc., and ABC Companies 1-100**

107.    Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

108.    As a twenty percent (20%) shareholder in the Companies, Weintraub had an immediate superior right of possession and rightful claim to title to his twenty percent (20%) share of the Companies' distributions.

109.    Yarmish exercised unauthorized dominion over the subject funds by unlawfully transferring these funds and refusing to return them to the exclusion of Weintraub's rights.

110.    Third Party Defendants Emanuel Yarmish, Chana Yarmish, Michael Yarmish, John Does 1-100, EZ Roamer LLC, Topline Contracting, Inc. and ABC Companies 1-100 exercised unauthorized dominion over the subject funds by accepting these funds with the full knowledge that they were unlawfully transferred and refused to return them to the exclusion of Weintraub's rights.

111.    Third Party Defendants had no legal or equitable right to Weintraub's funds.

112.    As a direct and proximate result of these conversions, Weintraub sustained substantial damages.

**<u>COUNT FOURTEEN</u>**
**Direct Claim for Unjust Enrichment Against Jacob Yarmish, Emanuel Yarmish, Chana Yarmish, Michael Yarmish, John Does 1-100, EZ Roamer LLC, Topline Contracting, Inc., and ABC Companies 1-100**

113.    Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

114.    As a result of Third Party Defendants' unauthorized dominion over the unlawfully transferred funds as set forth in detail above, they were unjustly enriched to the detriment of the Weintraub.

115.    Specifically, Third Party Defendants have been unjustly enriched by the amount of money they unlawfully retained to which Weintraub had an immediate superior right of possession and rightful claim to title for his twenty percent (20%) share of the Companies' distributions.

116.    Third Party Defendants have unlawfully retained the subject funds and have refused to return them.

117.    Third Party Defendants had no legal or equitable right to Weintraub's funds.

118.    It is inequitable and against good conscience to allow Third Party Defendants to retain any benefit from Weintraub's funds.

### COUNT FIFTEEN
**Direct Claim for Money Had and Received Against Jacob Yarmish, Emanuel Yarmish, Chana Yarmish, Michael Yarmish, John Does 1-100, EZ Roamer LLC, Topline Contracting, Inc., and ABC Companies 1-100**

119.    Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

120.    Third Party Defendants received unlawful transfers of funds to which Weintraub had an immediate superior right of possession and rightful claim to title for his twenty percent (20%) share of the Companies' distributions as set forth in detail above.

121.    Third Party Defendants have unlawfully retained the subject funds and have refused to return them to their benefit and to Weintraub's detriment.

122.    Third Party Defendants had no legal or equitable right to Weintraub's funds.

123.    It is inequitable and against good conscience to allow Third Party Defendants to retain Weintraub's funds.

## COUNT SIXTEEN
### Direct Claim for Breach of Fiduciary Duty Against Jacob Yarmish

124.    Weintraub repeats and reasserts each of the allegations contained above as if fully set forth herein.

125.    Yarmish was at all relevant times an officer, director and shareholder of the Companies.  As such, Yarmish owed Weintraub, the minority shareholder, a fiduciary duty of loyalty and a good faith obligation to discharge his duties concerning the Companies' businesses and management with due care, skill, prudence and diligence.

126.    Notwithstanding his fiduciary obligations to Weintraub, Yarmish placed his own personal interests ahead of those of Weintraub and violated his fiduciary duties by: (1) wrongfully excluding Weintraub from his rightful participation in the Companies' corporate affairs; (2) depriving Weintraub of his rightful twenty percent (20%) share of the Companies' distributions; (3) repeatedly misappropriating, looting and diverting millions of dollars belonging to the Companies for personal and/or non-corporate purposes; and (4) unlawfully interfering with the Companies' affairs and operating the Companies' businesses under the name EZ Roamer.

127.    By acting in bad faith and intentionally committing the unlawful acts set forth above, Yarmish breached his fiduciary duty of loyalty to Weintraub and his duty to act with the care, skill, prudence and diligence necessary on behalf of Weintraub.

128.    As a result of Yarmish's bad faith and intentional misconduct and to Weintraub's detriment, Yarmish personally gained a financial windfall to which he was not legally entitled to.

129.    As a direct and proximate result of Yarmish's breaches of his fiduciary duties, Weintraub sustained substantial damages.

## COUNT SEVENTEEN

**Direct Claim for Fraudulent Conveyance in Violation of Article 10 of the New York Debtor and Creditor Law Against Jacob Yarmish, Emanuel Yarmish, Chana Yarmish, Michael Yarmish, John Does 1-100, EZ Roamer LLC, Topline Contracting, Inc., and ABC Companies 1-100**

128.    In an attempt to divert and secrete the Companies' assets, Yarmish transferred title to premises known as 1137 East 24 Street, Brooklyn, New York to his mother, Chana Yarmish, without consideration.

129.    This transfer was a fraudulent conveyance under the provisions of Article 10 of the New York Debtor and Creditor Law.

130.    It is unlawful, inequitable and against good conscience to allow Third Party Defendants to retain said premises.

**WHEREFORE,** Counterclaim and Third-Party Plaintiff Ari Weintraub respectfully demands judgment in his favor and against Counterclaim and Third Party Defendants Jacob Yarmish, Zap Cellular, Inc., A and Y Sales and Marketing Inc., Mazal Tech Media Inc., EZ Roamer LLC, Emanuel Yarmish, Chana Yarmish, Michael Yarmish, Topline Contracting, Inc., John Does 1-100 and ABC Companies 1-100:

**A.**   Awarding Weintraub compensatory, consequential and incidental damages;

**B.**   Awarding Weintraub punitive damages;

**C.**   Awarding Weintraub pre-judgment and post-judgment interest;

**D.**   Awarding Weintraub attorneys' fees and costs of suit;

**E.**   Awarding Weintraub an order for the dissolution of the Companies, or, in the alternative, a buyout of his respective ownership interest in the Companies;

**F.**   Awarding Weintraub an order directing the Companies to make its corporate and/or

financial books and records available for Weintraub's inspection;

**G.**   Awarding Weintraub an accounting of the Companies;

**H.**   Appointing a Receiver for the Companies;

**I.**   Vacating the transfer of premises at 1137 East 24th Street, Brooklyn, New York; and

**J.**   Awarding Weintraub any such further relief as this Court deems just and proper.

Dated:  August 31, 2017
        Lakewood, New Jersey

<div style="margin-left:40%">

s/ Marvin L. Schwartz
Marvin L. Schwartz  (MS-7073)
**MARVIN L. SCHWARTZ**
*Attorney for Defendant/Crossclaimant*
*Third Party Plaintiff Ari Weintraub*
590 West Kennedy Blvd., Suite 1C
Lakewood, New Jersey 08701
Telephone: (732) 363-2626
Facsimile:  (732) 905-3369

</div>