```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
ZAP CELLULAR, INC. d/b/a AMP
CELLULAR,

                        Plaintiff,                      MEMORANDUM AND ORDER
                                                         15-CV-6723 (PKC) (VMS)
        - against -

ARI WEINTRAUB, MORTON WEINTRAUB,
ESTI DRESDNER, STEVE WEINSTOCK,
MAZAL TECH MEDIA, INC.,

                        Defendants.
----------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Zap Cellular, Inc. ("Plaintiff") initiated this action on November 23, 2015, asserting various statutory and common law claims against Defendants Ari Weintraub, Morton Weintraub, Esti Dresdner, Steve Weinstock, and Mazal Tech Media, Inc. (collectively, "Defendants"). Before the Court are Defendants' motions to (1) modify the proposed Joint Pretrial Order to "reserv[e] the right to read from the entirety of [Jacob] Yarmish's deposition transcript . . . [in] their case in chief," and (2) file an amended answer containing a statute of limitations defense. (Dkt. 168 at 1 (internal quotation marks omitted).)

## BACKGROUND[1]

Plaintiff filed this case against Defendants on November 23, 2015. (Dkt. 1.) Defendants initially answered Plaintiff's complaint on January 8, 2016, (Dkt. 14), but then filed an amended answer, counterclaim, and third-party complaint on January 28, 2016, (Dkt. 17). Among the third-party defendants was Jacob Yarmish ("Mr. Yarmish"), Plaintiff's majority shareholder. *See Zap*

---

[1] The Court assumes the parties' familiarity with this case's background and recites only those facts relevant to the instant motions.

*Cellular, Inc. v. Weintraub*, No. 15-CV-6723 (PKC) (VMS), 2020 WL 5820319, at *3 (E.D.N.Y. Sept. 30, 2020). Defendants filed a second amended answer, amended counterclaim, and third-party complaint on November 14, 2016. (Dkt. 51.) Defendants further amended their counterclaim and third-party complaint on September 8, 2017.[2] (Dkt. 84.) On September 30, 2020, the Court dismissed Defendants' amended counterclaim and third-party complaint in their entirety. *See Zap Cellular*, 2020 WL 5820319, at *1.

Trial was scheduled to begin on November 6, 2023. (1/9/2023 Minute Entry.) Upon Plaintiff's motion to continue the trial due to an expert witness's unavailability, trial was rescheduled to begin on May 6, 2024. (10/5/2023 Docket Order.) On March 28, 2024, three days after the deadline to file any motions *in limine*—which the parties declined to do, (Dkt. 167)—Defendants filed the instant motions, (Dkt. 168). On April 5, 2024, Plaintiff filed a response. (Dkt. 170.)

## DISCUSSION

**I.      Motion to Amend Joint Proposed Pretrial Order**

First, the Court denies Defendants' request to reserve the right to read from Mr. Yarmish's deposition transcript in their case-in-chief as inconsistent with Federal Rule of Civil Procedure 32(a)(2)–(8), Federal Rule of Evidence 801(d)(1), and Federal Rule of Evidence 803, given that Mr. Yarmish—who is not a party and whom the Court assumes was not deposed as Plaintiff's representative—will be available to testify in person. (*See* Dkt. 168 at 1; Dkt. 170 at 3.) While Mr. Yarmish's unavailability could be a reason to read from his deposition testimony, *see* Fed. R.

---

[2] Although the filing purported to also be a "second amended answer," the "answer" portion of the document appears identical to Defendants' second amended answer filed on November 14, 2016. (Compare Dkt. 51 at 2–8, with Dkt. 84 at 2–8.) Accordingly, for purposes of this Memorandum and Order, the Court construes the date that Defendants filed their second amended answer as November 14, 2016.

2

Evid. 804; Fed. R. Civ. P. 32(a)(4), his availability to testify at trial forecloses that possibility, *see* Fed. R. Evid. 801(d).  Further, at the time that the proposed Joint Pretrial Order was filed—when it was unclear whether Mr. Yarmish was available, and thus his testimony potentially could have been introduced—Defendants failed to designate any portions of his deposition testimony for use in their case-in-chief.  (*See* Dkt. 157 at 11.)  Regardless of when Defendants were advised that Mr. Yarmish would testify in person, Defendants construe the relevant rules backwards, and Defendants provide no reason for their failure to designate Mr. Yarmish's testimony at a time when it potentially would have been admissible.  (*See* Dkt. 168 at 1.)  At trial, Defendants may introduce portions of Mr. Yarmish's deposition testimony to the extent consistent with Federal Rule of Evidence 801 and other applicable rules of evidence, i.e., for the purpose of impeaching a live witness (but not for the truth of the matter asserted).

However, if Mr. Yarmish was in fact deposed as Plaintiff's representative pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants shall notify the Court by April 19, 2024 at 12:00 p.m. (noon) and the Court will revisit Defendants' motion at the Final Pretrial Conference scheduled for May 1, 2024, at 11:00 a.m. in Courtroom 4F North.

**II.     Motion to Amend Answer**

Second, the Court denies Defendants' request to file an amended answer containing a statute of limitations defense because Defendants have presented no good cause to excuse their waiver of this affirmative defense.  Although Federal Rule of Civil Procedure ("Rule") 15 states that the court should give leave to amend "freely," "when justice so requires," Fed. R. Civ. P. 15(a)(2), "[t]his analysis is altered" when "a court has issued a scheduling order pursuant to Rule 16," *Feuer v. Cornerstone Hotels Corp.*, No. 14-CV-5388 (JFB) (SIL), 2017 WL 3841841, at *3 (E.D.N.Y. Aug. 4, 2017) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)), *R. & R. adopted*, 2017 WL 3842350 (E.D.N.Y. Aug. 31, 2017); *Parker*, 204 F.3d at 340

("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause [under Rule 16(b)]."). Once such an order is in place, the schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) ("The period of [Rule 15(a)(2)] 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted."). Here, on February 24, 2016, Magistrate Judge Vera M. Scanlon entered an initial scheduling order setting a deadline of August 15, 2016 for amendment of the pleadings, unless "information unknown to the parties . . . becomes available to them," or the parties stipulate to or move for amendment. (Dkt. 19 ¶ 5.) Although Defendants—who had already amended their answer on January 28, 2016—were permitted after the initial deadline to amend their answer for a second time, (*see* 10/7/2016 Docket Order; *see also* Dkt. 68), Defendants filed the instant motion to amend more than seven years after both the initial deadline and the filing of their second amended answer, (*see* Dkt. 51; *see also* Dkt. 17).

Despite acknowledging that their request for amendment "com[es] late in the game," Defendants make no attempt to argue "good cause." (*See* Dkt. 168 at 2.) Defendants assert that "there is no prejudice to Plaintiff[], at least not enough to overcome the requirements of justice," and that "[a]llowing Plaintiff to proceed on a claim that is barred . . . would be manifestly unjust" because "[t]he trial has not yet commenced." (*Id.* at 2–3.) However, good cause "is primarily focused upon the diligence of the movant in attempting to comply with the existing Scheduling Order[.]" *See Ramchandani v. CitiBank Nat'l Ass'n*, 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022). "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, *or should have known*, in advance of the motion deadline." *Guity*

4

*v. Uniondale Union Free Sch. Dist.*, No. 12-CV-1482 (SJF) (AKT), 2014 WL 795576, at \*4 (E.D.N.Y. Feb. 27, 2014) (emphasis added). Regardless of what defense counsel knew at the time of the initial amendment deadline in 2016, Defendants' current counsel implicitly concede that prior counsel *should* have known that a statute of limitations affirmative defense might be available then. (*See* Dkt. 168 at 2 ("Defendants do not know why [a statute of limitations affirmative defense was not raised previously][.]").) The Court further notes that Defendants' current counsel first appeared in this action in 2018 and has provided no explanation for Defendants' failure to seek amendment at any time between then and now. (*See* Dkts. 98, 99.) "In light of the history of the case here, Defendant[s'] long delay in asserting this defense—*i.e.*, more than [seven] year[s] after the [initial] deadline for amending the complaint and only after the close of discovery—and the absence of any showing of good cause to permit Defendant[s] to amend [their] Answer now, the Court finds that Defendant[s] ha[ve] waived [a statute of limitations affirmative defense]." *See Reyes v. Phoenix Beverages, Inc.*, 207 F. Supp. 3d 206, 218 (E.D.N.Y. 2016); *see also Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (upholding denial of motion to amend answer after deadline had passed, discovery was closed, and when a summary judgment motion was pending); *Parker*, 204 F.3d at 340–41 (upholding denial of motion to amend complaint where deadline had passed and plaintiff "had all the information necessary" to support the claim at the outset).

Even under Rule 15's more accommodating standard, amendment is not warranted. While both parties' submissions as to potential prejudice to Plaintiff are lackluster, the Court notes that "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Carroll v. Trump*, 88 F.4th 418, 431 (2d Cir. 2023) (quoting *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017)). "Courts may . . . infer prejudice where

there is a lengthy, unexplained delay." *Soley v. Cnty. of Nassau*, No. 18-CV-377 (ARR) (SJB), 2021 WL 1554834, at *5 (E.D.N.Y. Apr. 20, 2021); *see Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, 96 F.4th 539, 546 (2d Cir. 2024) ("Jones would unquestionably suffer undue prejudice if the school district were allowed to add a defense based on section 214-g's waiting period after the two-year filing window has already closed."). "Key to this evaluation is whether prejudice would be 'undue'; for example, courts have found it would be unduly prejudicial to permit amendments to the pleadings which would force parties to litigate new theories of the case. . . . Courts have also found it to be unduly prejudicial to permit parties to amend pleadings on the 'eve of trial' because this presents 'problems of proof' for the opposing party." *Soley*, 2021 WL 1554834, at *5. Here, Defendants filed their instant motion to amend more than seven years into the litigation on their last amended answer—nearly five years after discovery had closed, three-and-a-half years after summary judgment would have been proper, and one-and-a-half years after Defendants' motion for judgment on the pleadings—only five-and-a-half weeks away from trial. (*See* Dkt. 127 at 1; Dkt. 140 at 2; Dkt. 156 at 1); *see also Bild v. Konig*, No. 09-CV-5576 (ARR) (VVP), 2014 WL 3015236, at *5 (E.D.N.Y. July 3, 2014) (denying leave to amend and finding substantial prejudice under Rule 15(a) where "[a]llowing [defendant] to assert a new defense [six weeks away from trial] would impose substantial prejudice on [plaintiff]," as "[t]he parties might well need to re-open discovery, recall witnesses, and seek additional document disclosures, all of which would add further delay to proceedings that have already been unduly protracted"). Plaintiff would undoubtedly be prejudiced in having to adjust its trial strategy to account for a brand new statute of limitations defense only weeks before trial is set to begin. *Cf. Jones*, 96 F.4th at 546; *Bild*, 2014 WL 3015236, at *5.

6

**CONCLUSION**

For all the foregoing reasons, Defendants' motions to (1) modify the proposed Joint Pretrial Order to "reserv[e] the right to read from the entirety of [Jacob] Yarmish's deposition transcript . . . [in] their case in chief," and (2) file an amended answer containing a statute of limitations defense are denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 17, 2024
          Brooklyn, New York